Reynolds v. Holder

BIA
Straus, IJ
A042 861 061

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JON O. NEWMAN,
> PETER W. HALL,
> > *Circuit Judges.*

_____

DAMIAN SALVADOR REYNOLDS, aka DOMAIN REYNOLDS,

> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

13-3830
NAC

_____

FOR PETITIONER:        Gregory Osakwe, Hartford, CT.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Emily Anne Radford, Assistant Director; Carlton Frederick Sheffield, Trial Attorney, Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Petitioner moves for a stay of removal in conjunction with his petition for review of a decision of the BIA affirming the conclusion of an Immigration Judge ("IJ") that he was not eligible for relief pursuant to the Convention Against Torture ("CAT"). Respondent moves to dismiss the petition for lack of jurisdiction.

The Government asks us to dismiss the petition, arguing that this Court lacks jurisdiction to consider it under 8 U.S.C. § 1252(a)(2)(C) and (D) because Petitioner does not raise any non-frivolous, colorable questions of law or constitutional claims with regard to the denial of CAT relief. However, we have not expressly held that the jurisdictional bar contained in § 1252(a)(2)(C) applies to claims for deferral of removal under the CAT. Nevertheless, we need not confront the jurisdictional question because we may exercise hypothetical jurisdiction "where the

jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is . . . plainly without merit." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006). We have reviewed the Petitioner's objections to the IJ and BIA's factual and legal determinations regarding his application for CAT relief, and they are meritless.

Accordingly, we assert hypothetical jurisdiction, and the petition for review is DENIED. It is further ORDERED that Respondent's motion to dismiss and Petitioner's motion for a stay of removal are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk